IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| GLADYS ALCAZAR-ANSELMO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 5246 |
| v. | ) | |
| | ) | Wayne R. Andersen, |
| **CITY OF CHICAGO,** a Municipal | ) | District Judge |
| Corporation, and **NORMA REYES,** | ) | |
| Individually and in her Official Capacity**,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on defendants' motion to dismiss [18] defendant Norma Reyes both in her individual and official capacity and to dismiss Count III of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Gladys Alcazar-Anselmo has filed a three-count complaint against defendants City of Chicago and Norma Reyes, both individually and in her official capacity, alleging a violation of the Family Medical Leave Act of 1993 ("FMLA") based on the denial of a request for leave, a violation of FMLA for retaliatory discharge, and intentional infliction of emotional distress. Specifically, plaintiff seeks compensatory and punitive damages, along with reinstatement of her position with back pay and other relief.

Plaintiff bases her complaint on the following allegations: Plaintiff was employed by the City of Chicago from about October 1997 through May 2007. During all relevant times, Norma Reyes was plaintiff's supervisor. Plaintiff alleges that both defendants qualify as an "employer"

under the FMLA. Sometime before March 2007, plaintiff alleges that she submitted a request for leave and was granted leave under the FMLA. In March 2007, plaintiff requested additional leave under the FMLA to undergo further treatment related to her initial request. Defendants denied the request for additional leave and subsequently terminated plaintiff's employment.

In Count I, plaintiff alleges that defendants violated the FMLA by denying her second request for leave. In Count II, plaintiff alleges defendants violated the FMLA by discharging her in retaliation for exercising her rights under the FMLA. Finally, in Count III, plaintiff alleges that defendants engaged in extreme and outrageous conduct beyond the bounds of decency, and as a result, she suffered severe emotional distress and mental anguish.

Defendants have filed a motion to dismiss with respect to the claims against defendant Reyes, both individually and in her official capacity, as well as the claim for intentional infliction of emotional distress claim. Defendants maintain that Reyes should be dismissed in both her individual and official capacities because plaintiff has failed to adequately plead individual liability under the FMLA, and the claim against Reyes in her official capacity is duplicative with the claim against the City of Chicago. Defendants also contend that the intentional infliction of emotional distress claim should be dismissed because the Illinois Local Governmental and Governmental Employees Tort Immunity Act shields defendants from liability, and additionally, defendants claim that plaintiff has failed to adequately state a claim for intentional infliction of emotional distress under Illinois law.

Defendants also have moved to strike plaintiff's request for punitive damages. In plaintiff's response to defendants' motion to dismiss, she agreed to withdraw her claim for punitive damages, so the court will not address that claim.

**STANDARD OF REVIEW**

For a Rule 12(b)(6) motion to dismiss, a complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994). All well-pleaded facts will be taken as true and all reasonable inferences shall be drawn in the plaintiff's favor. *See Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004).

**DISCUSSION**

Defendants first claim that Reyes should be dismissed from this action in her individual capacity because plaintiff has failed to allege any action on Reyes' part. Though the issue of individual liability has not yet been addressed by the United States Supreme Court or the Seventh Circuit, courts in this district generally agree that individuals can be held liable under the FMLA. *See Smith v. Univ. of Chicago Hosp.*, 2003 WL 22757754, at *6 (N.D. Ill. Nov. 20, 2003). To determine whether an individual is liable as an employer under the FMLA, courts look to the Fair Labor Standards Act ("FLSA") because it defines the term "employer" in almost identical language to the FMLA. *Id*. Under the FLSA, a person is considered an "employer" and subject to individual liability if two conditions are met: (1) the individual had supervisory authority over the plaintiff; and (2) the individual was at least partly responsible for the alleged violation. *See Wilson v. Advocate Health and Hosp. Corp.*, 2006 WL 1749662, at *2 (N.D. Ill. June 21, 2006).

Defendants concede that plaintiff satisfied the first prong by alleging that Reyes was plaintiff's supervisor. However, defendants move to dismiss Reyes in her individual capacity because plaintiff fails to allege that Reyes specifically was responsible for the alleged actions.

Stating, as plaintiff does in her complaint, that "defendants" are responsible for the actions at issue is not sufficient to withstand a motion to dismiss with respect to an individual defendant. *See Evans v. Henderson*, 2000 WL 1161075, at *3 (N.D. Ill. August 16, 2000). Since plaintiff fails to allege that Reyes specifically committed any of the acts in question, defendants' motion is granted with respect to Reyes as an individual, and Reyes is dismissed from the action in her individual capacity.

Defendants next argue that Reyes also should be dismissed in her official capacity, as well, because naming both Reyes in her official capacity and the City of Chicago as defendants is redundant. Allowing a plaintiff to sue both an individual in her official capacity and the government entity that employs her allows "the plaintiff to sue the City twice for the same set of allegations." *Tabor v. Chicago of Chicago*, 10 F. Supp. 2d 988, 991 (N.D. Ill. 1998). Hence, a claim against Reyes in her official capacity should be treated as a claim against the City of Chicago. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Thus, the claim against Reyes in her official capacity is redundant with the claim against the City of Chicago, so the claim against Reyes in her official capacity is dismissed.

Defendants next claim that plaintiff's claim for intentional infliction of emotion distress should be dismissed because the Tort Immunity Act immunizes defendants from liability, and in addition, plaintiff has failed to adequately plead a claim for intentional infliction of emotional distress under Illinois law. The court need not address the issue of the Tort Immunity Act because we agree with defendants that plaintiff has failed to adequately state her claim for intentional infliction of emotional distress.

4

Federal courts in this district routinely have held that, even when a plaintiff is entitled to leave under the FMLA, denying an employee's request for leave or discharging an employee for requesting leave, is not egregious enough conduct to be considered extreme and outrageous. *See Diemer v. Fraternal Order of Police*, 2006 WL 862866, at *2-3 (N.D. Ill. March 28, 2006); *Lozano v. Kay Mfg. Co.*, 2004 WL 1574247, at *2 (N.D. Ill. July 12, 2004). Plaintiff's complaint alleges nothing more than a violation of FMLA as the basis for her intentional infliction of emotional distress claim. Though plaintiff attempts to claim more than an FMLA violation in her response to defendants' motion to dismiss, the court may only evaluate those claims pleaded in the complaint itself. *See Hill v. Tr. Of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976). Since plaintiff's complaint alleges a claim for intentional infliction of emotional distress based only on the alleged FMLA violation, plaintiff's claim for intentional infliction of emotional distress must be dismissed.

## CONCLUSION

For the reasons set forth in the court's Memorandum, Opinion and Order, defendants' motion to dismiss [18] is granted. Defendant Norma Reyes is dismissed as a defendant in this case, and Count III also is dismissed. Plaintiff shall file an amended complaint to reflect the court's ruling on or before Friday, May 9, 2008.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: April 18, 2008