# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| GLADYS ALCAZAR-ANSELMO ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 5246 |
| v. ) | |
| ) | Wayne R. Andersen, |
| CITY OF CHICAGO, a Municipal ) | District Judge |
| Corporation, and NORMA REYES, ) | |
| Individually and in her Official Capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants City of Chicago and Norma Reyes's motion to dismiss Count III of plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss [73] Count III is granted with prejudice.

## BACKGROUND

Plaintiff Gladys Alcazar-Anselmo was employed by the City of Chicago from October 1997 until May 2007 during which time Reyes was one of plaintiff's supervisors. As a supervisor, Reyes assigned plaintiff work, evaluated her performance, and approved leave requests including a request for leave under the Family Medical Leave Act ("FMLA"). At some time prior to March 2007, plaintiff requested and was granted leave under the FMLA. Subsequently, in March 2007, plaintiff requested additional leave under the FMLA to undergo surgery and medical treatment. Plaintiff alleges that Reyes initially implied that she would grant plaintiff's FMLA request and then failed to make any decision until shortly before plaintiff's scheduled surgery. Plaintiff further alleges that Reyes attempted to coerce plaintiff to agree to

voluntarily resign by offering to place her on administrative leave for 30 days. After refusing to resign, plaintiff claims that Reyes willfully and maliciously fired her in retaliation for attempting to exercise her rights under the FMLA.

Plaintiff has filed a three-count amended complaint against the City of Chicago and Reyes. Count I alleges that defendants violated plaintiff's rights under the FMLA because her second request for leave was denied. Count II alleges that defendants then fired plaintiff in retaliation for her attempt to exercise her rights under the FMLA. Finally, Count III alleges a violation of Illinois state law for intentional infliction of emotional distress against Reyes claiming that Reyes misled plaintiff to believe that her request for leave would be granted and then fired plaintiff just days before her surgery.

Defendants have filed this motion to dismiss Count III arguing that Reyes is protected under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, et seq. (2006). Defendants further argue that plaintiff fails to state a claim as a matter of law and Count III should be dismissed. This is the second motion to dismiss Count III filed by defendants. This court previously granted defendants' motion to dismiss Count III of plaintiff's original complaint on April 18, 2008. Thereafter, plaintiff filed an amended complaint, and defendants again have filed a motion to dismiss Count III based on similar arguments asserted in defendants' first motion to dismiss.

## DISCUSSION

A complaint will not be dismissed pursuant to Federal Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim entitling her to relief. *See Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir.1994).

All well-pleaded facts will be taken as true and all reasonable inferences shall be drawn in the plaintiff's favor. *See Cole v. U.S. Capital,* 389 F.3d 719, 724 (7th Cir.2004).

**I.     Defendant Reyes Is Immune Under The Tort Immunity Act**

Defendants argue that Count III should be dismissed because Reyes is immune from any liability for intentional infliction of emotional distress under the Tort Immunity Act. The Tort Immunity Act protects public entities and their employees from liability arising out of the operation of government. 745 ILCS 10/1-1011 (2006). The Act provides that, "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission." 745 ILCS 10/2-201 (2006).

Plaintiff's claim for intentional infliction of emotional distress is a common law tort and is subject to the provisions of the Tort Immunity Act. *Hartman v. Lisle Park Dist.*, 158 F. Supp.2d 869, 877 (N.D. Ill. 2001). More specifically, section 2-201 of the Tort Immunity Act provides immunity to government supervisors when they hire and fire public employees. *Id.*; *see also Hanania v. Loren-Maltese*, 319 F. Supp.2d 814, 836 (N.D. Ill. 2004). Decisions regarding the hiring and firing of employees are considered discretionary acts within the meaning of section 2-201. *Johnson v. Mers*, 279, Ill. App. 3d 372, 380, 664 N.E.2d 668, 675 (1996). Nothing in plaintiff's complaint or her response to the motion to dismiss provides sufficient support that Reyes should not similarly be protected by the Tort Immunity Act. Thus, Count III is dismissed.

**II.    Plaintiff Fails To Allege Sufficiently A Claim For Intentional Infliction of Emotional Distress**

While the Tort Immunity Act provides a sound basis for dismissing Count III, plaintiff also fails to allege sufficiently a claim for an intentional infliction of emotional distress. To state

a claim for intentional infliction of emotional distress under Illinois law, plaintiff must allege: (1) defendant's conduct was extreme and outrageous; (2) defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) defendant's conduct did in fact cause severe emotional distress. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir.2006). Even when a plaintiff is entitled to leave under the FMLA, denying an employee's request for leave or discharging an employee for requesting leave is not egregious enough conduct to be considered extreme and outrageous. *See Diermer v. Fraternal Order of Police,* 2006 WL 862866, at *2-3 (N.D. Ill. March 28. 2006); *Lozano v. Kay Mfg. Co.*, 2004 WL 1574247, at *2 (N.D. ILL. July 12, 2004).

Plaintiff argues that the timing of her discharge, which occurred only a few days before she was scheduled to have surgery, caused her to suffer additional stress. However, the mere inconvenient timing of plaintiff's firing does little to strengthen the basis for an intentional infliction of emotional distress claim. Since plaintiff's complaint alleges a claim for intentional infliction of emotional distress based only on the alleged FMLA violation, plaintiff's claim fails.

This is the second motion to dismiss Count III filed by defendants. This court previously granted defendants' motion to dismiss plaintiff's original complaint based on the same arguments and gave plaintiff leave to file an amended complaint. Plaintiff's amended complaint has not cured the defects in her original complaint. Thus, defendants' motion to dismiss Count III is granted with prejudice.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum Opinion and Order, defendants' motion to dismiss [73] Count III is granted with prejudice. The City of Chicago shall file its answer on or before November 21, 2008.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: October 27, 2008