# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5246 | **DATE** | July 16, 2010 |
| **CASE TITLE** | Gladys Alcazar-Anselmo vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this minute order, Plaintiff's motion for partial summary judgment on Count I [173] is denied, and Defendant's motion for summary judgment on Counts I and II [179] is also denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

     Plaintiff Gladys Alcazar-Anselmo was employed by Defendant City of Chicago from October 1997 until her employment was terminated on April 27, 2007. In 2005, Plaintiff completed and submitted the proper Family and Medical Leave Act ("FMLA") forms to her employer to request leave for a certain medical procedure, and she was granted leave. Plaintiff's supervisor, Norma Reyes, had final authority to approve FMLA requests and to terminate Plaintiff's employment. Plaintiff had surgery on January 19, 2006, which was followed by a period of incapacitation and an eventual return to work in her normal capacity. On March 17, 2007, Plaintiff requested FMLA leave for a second surgery. Ms. Reyes never granted Plaintiff's request, and instead fired her on April 27, 2007, the Friday before Plaintiff had planned on taking FMLA leave to have this surgery. Plaintiff had the second surgery the following week as she had planned and recovered for several weeks thereafter.

     Plaintiff asserted three counts in her Amended Complaint under the FMLA: (I) Defendant interfered with her right to take FMLA leave; (II) Defendant terminated her employment in retaliation for her FMLA leave request; and (III) Defendant intentionally inflicted emotional distress on Plaintiff. On October 27, 2008, Count III was dismissed with prejudice. (Dkt. No. 105). On June 18, 2009, Plaintiff voluntarily dismissed Reyes as a defendant. (Dkt. No. 139). On December 18, 2009, Plaintiff filed a motion for partial summary judgment on Count I, arguing that she was entitled to FMLA leave and therefore Defendant interfered with her right to take FMLA leave. On January 6, 2010, Defendant filed a motion for summary judgment on all remaining counts in Plaintiff's Amended Complaint.

     Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 277, 248 (1986). Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion; instead, the nonmoving party must present definite, competent evidence to rebut the motion for summary judgment. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). In reaching its holding, the court will consider the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

Plaintiff alleges that she is entitled to partial summary judgment on Count I of her Amended Complaint, arguing that she was entitled to FMLA leave for the second surgery and that Defendant interfered with her right to take FMLA leave. To be entitled to FMLA leave, an employee must establish that she has a "serious health condition" that makes her unable to perform the functions of her job. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The definition of "continuing treatment by a health care provider" under the FMLA regulations includes: (1) a period of incapacity of more than three consecutive calendar days that also involves either treatment two or more times by a health care provider or a regimen of continuing treatment; or (2) any period of incapacity due to a chronic serious health condition, which requires periodic treatment by a health care provider. 29 C.F.R. § 825.114(a)(2)(I)(iii).

Plaintiff claims that her condition was a serious health condition that warranted surgery. She offers the deposition testimony from her surgeons, both of whom attest to the medical necessity of the procedure. Plaintiff continues by contending that she meets the aforementioned incapacity requirement because she recovered for three weeks following the surgery and attended several follow-up appointments for post-operative care with her treating physicians. Finally, Plaintiff argues that her second surgery, incapacity, and treatment were part of her continued treatment and incapacity for the same condition as the first surgery, claiming that this meets the continued treatment standard because it was "relating to the same condition." 29 C.F.R. § 825.114(a)(2).

In support of its motion, Defendant asserts that Plaintiff's health condition was not serious because it does not meet the requisite FMLA standards, and also asserts that Plaintiff's condition did not prevent her from fulfilling the functions of her job. Moreover, Defendant argues that Plaintiff's condition is excluded from coverage by the FMLA because it was a condition for which an elective, outpatient, and/or cosmetic procedure was administered. *See* 29 C.F.R. § 825.113(d).

The issues before the court are whether the medical procedure in question is properly classified as medically necessary, whether a period of genuine incapacity was involved, and whether the procedure qualifies as continuing treatment from the initial surgery. These determinations are entirely dependent on the individual patient's specific circumstances and prognoses. Plaintiff and her physicians contend that her condition was so severe as to require medical intervention, but Defendant contends that is not the case. It is crucial for the finder of fact to be able to weigh and evaluate the testimony of the parties, the physicians involved, and other individuals familiar with Plaintiff and her circumstances, in order to fairly conclude whether Plaintiff's situation amounted to a "serious health condition." Questions of credibility typically are for the jury, not the court. *United States v. Carraway*, 108 F.3d 745, 750 (7th Cir. 1997). Therefore, it would be inappropriate for the court to dispose of this claim on summary judgment.

| STATEMENT |
|---|

As to Count II, Plaintiff's claim that Defendant terminated her employment in retaliation for her FMLA leave request, genuine issues of material fact exist, and the evidence presented is such that a reasonable jury could return a verdict for Plaintiff. Plaintiff's employment was terminated on April 27, 2007, the Friday before Plaintiff had planned on taking FMLA leave to have this surgery. Defendant contends that Plaintiff was fired for performance reasons, including failure to complete assigned tasks in a timely manner, failure to effectively manage a certain project, and poor work attitude. Therefore, according to Defendant, Plaintiff's employment would have terminated even if she had not requested leave. Plaintiff claims that the record establishes that she was discharged in retaliation for requesting FMLA leave. Plaintiff asserts that her supervisor initially failed to make any decision on the FMLA request, while leading Plaintiff to believe that the request would be granted, and then denied Plaintiff's request for FMLA leave. Before ultimately denying her request for additional FMLA leave, Plaintiff claims that her supervisor's behavior toward her changed and that her supervisor attempted to persuade Plaintiff against taking leave for the second surgery. Plaintiff asserts that Reyes treated Plaintiff differently than other similarly situated employees. Specifically, Plaintiff claims that other employees whose employment was terminated received prior warnings about their performance issues before the final termination, whereas Plaintiff received no prior warnings. Additionally, Reyes claims that Plaintiff's failure to participate in staff meetings was evidence of her bad attitude and refusal to work with others, yet Plaintiff noted that there were other employees who did not make statements at the same meetings and did not draw the supervisor's scorn like Plaintiff. Plaintiff's arguments and supporting evidence are sufficient to establish the existence of a genuine issue of material fact with respect to Count II.

Accordingly, for the foregoing reasons, Plaintiff's motion for partial summary judgment on Count I [173] is denied, and Defendant's motion for summary judgment on Counts I and II [179] is also denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge